E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MIRI SONG (Cal. Bar No. 291140)
Assistant United States Attorney
International Narcotics, Money
  Laundering, & Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2262
     Facsimile: (213) 894-0142
     E-mail:    miri.song@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-564-MWF-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT ARIAN ALANI AMENDED SECOND APPLICATION FOR RECONSIDERATION OF ORDER OF DETENTION; DECLARATION OF MIRI SONG; EXHIBITS 1-4 |
| v. | |
| ERICK OVED ESTRADA, ET AL., | |
| **ARIAN ALANI (#2)**, | |
| Defendant. | [PROPOSED] ORDER FILED SEPARATELY |

   Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney MiRi Song, hereby files its Opposition to defendant Arian Alani's Amended Second Application for Review/Reconsideration of Order of Detention.

//
//
//
//

This Opposition is based upon the attached memorandum of points and authorities, the attached declaration and exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

DATED: February 9, 2024

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

_/s/ MiRi Song_
MIRI SONG
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Bail is not appropriate here. Defendant presents an unacceptable danger to the community and risk of nonappearance that demand detention pending trial. Defendant's actions directly led to the untimely death of a young man less than two years ago from fentanyl poisoning. As the victim's parents and friends continued to grieve, defendant continued to live his life, party, and deal drugs to others. On the date of his arrest, defendant was found coming home from a party with "friends" with a digital scale, baggies, ketamine, methamphetamine, and cocaine on his person. Defendant is an unrepentant drug dealer and an admitted user. Defendant therefore presents a danger to himself and the people around him. With a potential mandatory minimum sentence of 20 years, a foreign citizenship, history of international travel, and the means for such travel, defendant also presents a high risk of nonappearance. The proposed sureties are unsuitable, and the conditions proposed to mitigate the risks are not sufficient. Thus, the government requests that the Court deny defendant's application for release.

## II. PROCEDURAL HISTORY

On November 15, 2023, defendant was indicted for Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846, and Distribution of Fentanyl Resulting in Death, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (ECF No. 1.) A week later, defendant was arrested and made his initial appearance on November 22, 2023, at which time this Court ordered him detained. (ECF No. 33.) On December 15, 2023, defendant applied for a review of the

order of detention.  (ECF No. 77.)  On December 20, 2023, this Court held a hearing and held that defendant was to remain permanently detained.  (ECF No. 82.)  Defendant now applies again for reconsideration of his detention order, and proposes the following sureties and conditions of release:

- Two sureties (Cedric Cid and Virginia Cid);
- $300,000 bond secured by $20,000 in cash;
- Enrollment in residential drug treatment facility;
- Drug testing and mental health evaluation;
- Location monitoring with curfew;
- Travel restricted to this district;
- Surrender of travel documents; and
- Others the Court deems appropriate.

(ECF No. 115.)

### III. STATEMENT OF FACTS

On June 9, 2022, defendant met with the victim at a mall and sold the victim fake oxycodone pills that contained fentanyl.  (ECF NO. 1, Indictment, p. 7.)  The victim died shortly after this meeting in the mall parking lot after ingesting half a pill.  Id. Defendant knew that the pills he provided the victim was responsible for the victim's death, for the next day on June 10, 2022, defendant texted his supplier, co-defendant Erick Oved Estrada, "[m]y boy just died yesterday," and scolded that Estrada "[s]houldn't be selling shit with fentanyl."  Id.

In addition, a search warrant that was executed in the residence where defendant was residing with his partner, Cedric Cid, and officers found several indicia of drug dealing and controlled substances.

2

**IV. ARGUMENT**

A. Legal Standard

This is a presumption case, meaning that defendant is both a danger and a flight risk due to the seriousness of his charges, which carry a mandatory minimum of 20 years. 18 U.S.C. §§ 3142(e)(2)(A), (f)(A). The presumption "[O]nce the defendant offers some rebuttal evidence, the presumption of flight or danger does not burst or disappear." United States v. Ward, 63 F. Supp.2d 1203, 1209 (C.D. Cal. 1999) (citing cases); see also United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). Congress intended that the statutory presumptions would have a practical effect. United States v. Jessup, 757 F.2d 378, 382 (1st Cir. 1985), abrogated on other grounds by United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990). Thus, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986)) (quotation marks omitted); See also United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1986).

If a defendant proffers evidence to rebut the presumption, the court then also considers: "the circumstances of the offense charged"; "the weight of the evidence"; the defendant's "history and characteristics," including whether the defendant was on probation at the time of the charged offense; and "the nature and seriousness of the danger to any person or the community" posed by the defendant's release. 18 U.S.C. § 3142(g). The weight of the evidence is the least important of the factors. United States v.

3

Winsor, 785 F.2d 755, 757 (9th Cir. 1986).  However, the nature of the offense and evidence of guilt are relevant to the likelihood that a person will flee or pose a danger.  Id.

### B. Defendant's Risk of Nonappearance Is High and Cannot Be Adequately Mitigated with Conditions

Defendant is a foreign national, specifically a citizen of Denmark, with ties outside of this country.  Defendant's history of international travel shows that he also has the means to leave this country and avoid prosecution for charges that carry a mandatory minimum sentence of 20 years, a compelling incentive for anyone to flee.

The proposed conditions to mitigate this risk are insufficient, and indeed it is the government's position that there are no conditions available that would lower the risk to a level acceptable for bail.  Location monitoring with curfew and $300,000 bond secured with $20,000 with his partner (Cedric Cid) and his partner's mother (Virginia Cid) serving as sureties are insufficient.  Location monitoring does not reveal what defendant is doing at various locations that are also likely unknown to Pretrial Services.  The sureties are also unsuitable.  It was within Mr. Cid's house where officers found drugs and indicia of drug dealing.  Defendant's drug dealing that led to the death of a young man happened right under Mr. Cid's nose in his house.  Ms. Cid is also unsuitable as it appears she is physically unavailable to even sign a piece of paper to complete the property bond process.  This is not someone who would be able to provide the extra layer of oversight needed.  For that same reason, defendant is now no longer offering property to secure the bond.  The removal of a significant portion of the

4

initial bond package additionally dooms this package.  Additionally, taking away travel documents and restricting travel to this district are not effective conditions that would ensure defendant's presence in this district.  Defendants with similar conditions have been able to travel to Mexico without a passport and then leave to other countries, including non-extraditing countries like China.

### C. Defendant Is a Danger to The Community and No Condition Can Adequately Mitigate that Danger

Defendant killed someone he called a "friend."  Defendant bought fentanyl pills from an unknown and questionable source and then passed them on to the victim.  The pills were so potent that half a dose killed the victim.  On the day of defendant's arrest for this case, defendant was found with the following controlled substances on his person, as confirmed by laboratory tests: ketamine, cocaine, and methamphetamine.  Also on his person were a used digital scale with white powdery residue and baggies.  Thus, after killing his friend with drugs less than two years ago, defendant was peddling more dangerous drugs to other "friends." Defendant is a danger to the community.  Drug testing, mental evaluation, and even a residential treatment facility cannot ensure that the danger to the defendant and the community are adequately addressed.  Additionally, while such measures could help address defendant's danger to himself, they do not directly address danger to the community.  Indeed, defendants have been able to walk out of residential treatment facilities and there is nothing the facilities can do to stop them.

//
//

## III. CONCLUSION

Defendant is a drug dealer, and a victim died of fentanyl poisoning as a result. Defendant is dangerous and releasing him on bail pending trial is giving him a chance to flee. The danger and flight risk levels are unacceptably high, and no condition or combination of conditions can make them palatable enough for release. The government continues to recommend detention and request that the Court reject defendant's application.