Ambrosio E. Rodriguez (State Bar No. 200880)
626 Wilshire Blvd., Suite 460
Los Angeles, CA 90017
Tele: 213-995-6767 Fax: 213-995-6368
Email: info@aerlawgroup.com
*Counsel for Defendant*
*Gilberto Marquez*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 2:23-CR-00564-MWF |
|---|---|
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT GILBERTO MARQUEZ.; POINTS AND AUTHORITIES; DECLARATION OF COUNSEL** |
| v. | **PROPOSED ORDER** [Lodged Concurrently] |
| GILBERTO MARQUEZ, | **HEARING: June 18, 2024, at 8:30 am** |
| Defendant. | In Courtroom 5A<br>Before The Hon. Michael W. Fitzgerald<br>United States District Judge |
| _____ / | Trial Date: November 12, 2024 |

**TO DEFENDANT GILBERTO MARQUEZ, THE CLERK OF COURT, PARTIES AND COUNSEL:**

  **THIS IS NOTICE** that on June 18, 2024, at 8:30 a.m., or as soon after as the matter may be heard in Courtroom 5A of this United States District Court, located at 350 West First Street, Courtroom 5A, Los Angeles, CA 90012, the undersigned counsel will move the Court to be relieved as counsel for defendant Gilberto Marquez.[1]

  This motion is based on this Notice, the attached Memorandum of Points and Authorities and Declaration of Counsel, the pleadings, records, and files in this case, and such other matters as may be considered by the Court.

  *Counsel for the government has been advised of this motion and the government does not oppose the relief sought in the motion.*

  Defendant Gilberto Marquez. has also been advised of this motion. (Decl. of Counsel ¶¶ 2-3)

Respectfully submitted,

Dated: June 13, 2024  By: /s/ Ambrosio E. Rodriguez

            _____
            Ambrosio E. Rodriguez
            *Counsel for Defendant*
            *Gilberto Marquez*

---

[1] If leave to withdraw is granted, it will be necessary to appoint counsel for Mr. Gilberto Marquez.

# MEMORANDUM OF POINTS AND AUTHORITIES
# RE MOTION TO WITHDRAW AS DEFENDANT GILBERTO MARQUEZ COUNSEL

## I.  INTRODUCTION

The undersigned counsel is seeking the Court's leave to withdraw as counsel in this matter because there has been a breakdown in the attorney-client relationship. Mr. Marquez has communicated to me that he no longer wants me to represent him in this case.

## II.  THE REQUIRED PROCESS

Local Criminal Rule 44-1 sets forth the process required to allow counsel leave to withdraw:

> "An attorney, whether appointed or retained, may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by good cause. Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause."

As stated in the Declaration of Counsel, Mr. Marquez has been given reasonable notice of the motion to withdraw. (Decl. of Counsel ¶ 3)

Good cause for withdrawal exists as set forth in the section below.

## III.  GOOD CAUSE EXISTS TO GRANT LEAVE TO WITHDRAW

**A.    There has been a breakdown in the attorney-client relationship.**

Through no fault of either defendant or counsel, there has been a breakdown in the attorney-client relationship that has made it unreasonably difficult for counsel to effectively represent Mr. Marquez. At this time Mr. Marquez requests the appointment of counsel and to no longer have me represent him. The circumstances at hand, with respect to communications between counsel and Mr. Marquez, "render[s] it unreasonably difficult for the lawyer to carry out the representation effectively" and termination of the representation is therefore allowed. (Decl. of Counsel ¶¶ 4-5); *See* Rule 1.16(b)(4), California State Bar Rules of Professional Conduct.

It is well-understood that an attorney must at all times maintain lawyer client confidentiality and protect from any intrusion into a client's confidential information. *See* Rule 1-6 (a), California State Bar Rules of Professional Conduct and California Business and Professions Code §6068(e). As discussed by the California State Bar's Standing Committee on Professional Responsibility and Conduct, the duty of attorney-client confidentiality "may prevent or limit an attorney from testifying in detail even about the circumstances of a confidential communication were doing so would disclose client 'confidences' or 'secrets.'" Formal Opinion No. 2015-192.

It follows from this duty of confidentiality that counsel is prohibited from disclosing the information that makes continued representation "unreasonably difficult."

### IV.  CONCLUSION

For the foregoing reasons undersigned counsel seeks leave to withdraw.

If leave to withdraw is granted, it is requested that counsel be appointed.

Respectfully submitted,

Dated:  June 13, 2024                         /s/ Ambrosio E. Rodriguez

_____
Ambrosio E. Rodriguez
*Counsel for Defendant*
*Gilberto Marquez*

# DECLARATION OF AMBROSIO E. RODRIGUEZ

I, Ambrosio E. Rodriguez, declare:

1. I am defendant Gilberto Marquez' lawyer in this case. I make this declaration in support of the above motion. Unless otherwise stated, I have personal knowledge of the facts set forth below, and if called to testify, I could and would testify to the truth of these facts.

2. *Counsel for the government has been advised of this motion and the government does not oppose the relief sought in the motion.*

3. I gave Mr. Marquez reasonable notice of the motion to withdraw over a week ago.

4. Through no fault of either defendant or me, there has been a breakdown in the attorney-client relationship that has made it unreasonably difficult for me to effectively represent Mr. Marquez.

5. I declare under penalty of perjury that the above is true and correct and that this declaration is executed at Los Angeles, California, on June 13, 2024.

/s/ Ambrosio E. Rodriguez

Ambrosio E. Rodriguez