| | |
|---|---|
| 1 | CUAUHTEMOC ORTEGA (Bar No. 257443) |
| | Federal Public Defender |
| 2 | Shannon Coit (Bar No. 298694) |
| | (E-Mail: shannon_coit@fd.org) |
| 3 | Deputy Federal Public Defender |
| | 321 East 2nd Street |
| 4 | Los Angeles, California 90012-4202 |
| | Telephone: (213) 894-2854 |
| 5 | Facsimile: (213) 894-0081 |
| 6 | Attorneys for Defendant |
| | Arian Alani |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-CR-00564-MWF |
| Plaintiff, | |
| v. | ***EX PARTE* APPLICATION FOR ORDER TO FILE DOCUMENTS UNDER SEAL; DECLARATION OF COUNSEL** |
| ARIAN ALANI, | |
| Defendant. | |

Arian Alani, by and through his counsel of record, hereby applies *ex parte* to file under seal his *Ex Parte* Application for Order Permitting Temporary Release of Arian Alani to Attend His Partner's Memorial Service and Declaration of Counsel. This application is based upon the attached declaration of counsel, the files and records in this case, and such further evidence and argument as the Court may permit.

//

//

1 | The government does not object to this *ex parte* application for an order to file
2 | documents under seal.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: February 4, 2025     By  /s/ Shannon Coit
                                Shannon Coit
                                Deputy Federal Public Defender
                                Attorney for Arian Alani

# MEMORANDUM OF POINTS AND AUTHORITIES

This Court has plenary supervisory power to seal documents under appropriate circumstances. *See United States v. Msann*, 829 F.2d 849, 853 (9th Cir. 1987); *In re Sealed Affidavit(s) to Search Warrants*, 600 F.2d 1256, 1257 (9th Cir. 1979); C.D. Cal. Local Rules, 79-5 (party may request court to seal filed document). Although there is a strong presumption of public access to court records, this presumption may be overcome where there is a likelihood of improper use of the material, including use for scandalous or libelous purposes, or where public access would infringe on privacy or fair trial rights. *Valley Broadcasting Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986); *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). To determine whether the presumption of access is overcome, courts should balance the likelihood of inappropriate use with the public's interest in understanding the judicial process. *Valley Broadcasting*, 798 F.2d at 1294. A court should consider all relevant factors, and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434.

Mr. Alani's *Ex Parte* Application for Order Permitting Temporary Release of Arian Alani to Attend His Partner's Memorial Service and supporting declaration of counsel contains sensitive personal information about Mr. Alani and sensitive personal and medical information relating to Mr. Alani's deceased partner. The document is detailed and contains information that is not otherwise available to the public. This sensitive information is similar to the personal contents of the pre-sentencing reports, which are considered confidential documents and routinely sealed. *See United States v. Schlette*, 842 F.2d 1574, 1577, 1579, 1583 (9th Cir, 1988), amended 854 F.3d 359 (9th Cir. 1988) (explaining that courts have established a strong presumption in favor of confidentiality in determining whether to disclose a PSR to third parties). These pre-sentencing documents are sealed, in part, because they contain personal and highly sensitive information that is of little public interest. *Id.* (stating that courts weigh the strong presumption in favor of confidentiality against the needs for disclosure). The

1 | Court should apply the same logic to Mr. Alani's *ex parte* application for temporary release. The need for disclosure here is not necessary to "serve the ends of justice." *Id.* (quoting *Berry* v. *Department of Justice*, 733 F.2d 1343, 1352 (9th Cir. 1984)).

Therefore, the Court should grant Mr. Alani's request to file his *ex parte* application seeking temporary release and supporting declaration under seal.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: February 4, 2025         By  */s/ Shannon Coit*
Shannon Coit
Deputy Federal Public Defender
Attorney for Arian Alani

4

# DECLARATION OF COUNSEL

I, Shannon Coit, declare:

1. I am a Deputy Federal Public Defender for the Federal Public Defender's Office, and counsel of record, for Arian Alani. I submit this declaration in support of Mr. Alani's *Ex Parte* Application for Order Permitting Temporary Release of Arian Alani to Attend His Partner's Memorial Service and Declaration of Counsel.

2. I am requesting to file Mr. Alani's *Ex Parte* Application for Order Permitting Temporary Release of Arian Alani to Attend His Partner's Memorial Service and Declaration of Counsel under seal. The aforementioned application and declaration contain sensitive personal information about Mr. Alani, as well as sensitive personal and medical information about Mr. Alani's partner. The *ex parte* application and declaration also contain information is not public. I therefore believe that it is appropriate to file the requested documents under seal.

3. On February 4, 2025, I emailed counsel for the government regarding the filing of this *ex parte* application. She informed me that the government does not oppose the *ex parte* application for an order to file the requested documents under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 4, 2025 at Los Angeles, California.

                              */s/ Shannon Coit*
                              Shannon Coit
                              Deputy Federal Public Defender